1        UNITED STATES DISTRICT COURT
2          DISTRICT OF PUERTO RICO

3   CHEVRON PUERTO RICO LLC,

4        Plaintiff,
                                    Civil No. 07-1742 (JAF)
5        v.

6   REYNALDO OYOLA CUADRADO,
7   et al.,
8
9        Defendants.

10                          **OPINION AND ORDER**

11        Plaintiff, Chevron Puerto Rico LLC ("Chevron"), brings this

12   action for declaratory judgment under the Petroleum Marketing

13   Practices Act ("PMPA"), 15 U.S.C. § 2801 (2006), and for breach of

14   contract under Puerto Rico law, against Defendants, Reynaldo Oyola

15   Cuadrado, his wife Nancy Ivette Santana Rodríguez and their conjugal

16   partnership, and several unnamed defendants. Docket Document No. 10.

17   Defendants move to dismiss pursuant to Federal Rule of Civil

18   Procedure 12(b)(1).   Docket Document No. 7. Plaintiff opposes.

19   Docket Document No. 11.

20                                  **I.**

21                   **Factual and Procedural Synopsis**

22        We derive the following factual summary from Plaintiff's

23   complaint. Docket Document No. 10.  As we must, we assume that all

24   of Plaintiff's allegations are true and make all reasonable

Civil No. 07-1742 (JAF)                                           -2-

1    inferences in its favor.  <u>Alternative Energy, Inc. v. St. Paul Fire</u>

2    <u>& Marine Ins. Co.</u>, 267 F.3d 30, 36 (1st Cir. 2001).

3         Chevron is a corporation that sells gasoline through service

4    stations operated by independent retailers.  Defendant Oyola operated

5    one of these stations in Toa Baja, Puerto Rico.

6         On October 31, 1997, Oyola executed a lease and supply agreement

7    with Chevron's predecessor in interest, Texaco.  The agreement

8    included a provision that Oyola would make timely payments.

9         In October and November of 2005, Oyola gave Plaintiff checks

10   that the bank subsequently returned for insufficient funds.  Oyola

11   also failed to make rent and gasoline payments.  On January 31, 2006,

12   Texaco's District Manager, Tom Stepp, wrote Oyola a letter demanding

13   payment of $93,326 for returned checks, differences in overpayment,

14   rent, and gasoline.  <u>Docket Document No. 10, Ex. 3</u>.  Stepp threatened

15   to cancel the lease and supply agreement if Oyola did not pay within

16   fifteen days.  <u>Id.</u>

17        On May 3, 2006, Plaintiff's attorney sent Oyola a letter

18   notifying him of Plaintiff's decision to rescind the lease and supply

19   agreement as of August 1, 2006.

20        On April 9, 2007, Plaintiff's counsel sent Oyola a letter

21   confirming the August 1, 2006, termination of the agreement, despite

22   the ongoing business between Plaintiff and Oyola.  <u>Docket Document</u>

23   <u>No. 10, Exh. 6</u>.  Oyola acknowledged receipt of the letter on May 8,

24   2007.

Civil No. 07-1742 (JAF)                                           -3-

1      Plaintiff filed a complaint on August 20, 2007, seeking $113,040

2  and Defendants' eviction from the service station.  Docket Document

3  No. 1.  Defendants moved to dismiss on October 15, 2007.  Docket

4  Document No. 7.  Plaintiff filed an amended complaint on October 30,

5  2007.  Docket Document No. 10.  Plaintiff opposed the motion to

6  dismiss on November 5, 2007.  Docket Document No. 11.

7                                 **II.**

8            **Motion to Dismiss Standard under Rule 12(b)(1)**

9      Under Rule 12(b)(1), a defendant may move to dismiss an action

10  for lack of federal subject matter jurisdiction.  See FED. R. CIV.

11  P. 12(b)(1).  The party asserting jurisdiction has the burden of

12  demonstrating its existence.  See Skwira v. United States, 344 F.3d

13  64, 71 (1st Cir. 2003) (citing Murphy v. United States, 45 F.3d 520,

14  522 (1st Cir. 1995)).  The court has "an obligation to inquire sua

15  sponte into its own subject matter jurisdiction."  McCulloch v.

16  Velez, 364 F.3d 1, 5 (1st Cir. 2004).

17      Rule 12(b)(1) is a "large umbrella, overspreading a variety of

18  different types of challenges to subject-matter jurisdiction,"

19  including ripeness, mootness, the existence of a federal question,

20  diversity, and sovereign immunity.  Valentin v. Hosp. Bella Vista,

21  254 F.3d 358, 362-63 (1st Cir. 2001).

22                                **III.**

23                              **Analysis**

Civil No. 07-1742 (JAF)                                              -4-

1        Defendants move to dismiss the complaint on the grounds that

2   (1) the court lacks jurisdiction because the PMPA does not invest

3   franchisors with the right to bring a civil action for enforcement of

4   its terms; and (2) even if Plaintiff could bring a case under the

5   PMPA, the action would be time-barred. Docket Document No. 7.

6   Because we agree with Defendants' second argument, we do not address

7   the question of jurisdiction.

8        The PMPA states that a franchisee may not bring a civil action

9   under its provisions unless it commences the action within one year

10  of the date of termination of the franchise.  15 U.S.C. § 2805(a)(1).

11       In the present case, in a letter dated May 3, 2006, Plaintiff

12  terminated the franchise agreement as of August 1, 2006.  Docket

13  Document No. 7, Ex. 5.  In a letter dated April 9, 2007, Plaintiff

14  confirmed that it had terminated the agreement on August 1, 2006, and

15  stated that although it had conducted business with Defendants after

16  that date, it did not consider that business to represent an

17  annulment of the termination.  Docket Document No. 7, Ex. 6.

18       Plaintiff filed its original complaint in this suit on

19  August 20, 2007, one year and twenty days after it terminated the

20  franchise agreement.  Docket Document No. 1.  The action, thus, fell

21  outside the statute of limitations for PMPA actions.  See 15 U.S.C.

22  § 2805(a)(1). Absent a federal question at issue in this case, we

23  decline to exercise supplemental jurisdiction over Plaintiff's breach

Civil No. 07-1742 (JAF)                                                    -5-

1    of contract claim.  Plaintiff is free, however, to bring this claim

2    in Puerto Rico court if the local statute of limitations allows it.

3                                        **IV.**

4                                   **Conclusion**

5         For the aforementioned reasons, we hereby **GRANT** Defendants'

6    motion to dismiss pursuant to Federal Rule of Civil Procedure

7    12(b)(1), Docket Document No. 7.  We **DISMISS** Plaintiff's PMPA claims

8    **WITH PREJUDICE** and **DISMISS** its Puerto Rico claim **WITHOUT PREJUDICE.**

9         **IT IS SO ORDERED.**

10        San Juan, Puerto Rico, this 16th day of January, 2008.

11                                          s/José Antonio Fusté
12                                          JOSE ANTONIO FUSTE
13                                          Chief U. S. District Judge